Filing # 50417216 E-Filed 12/22/2016 10:28:10 AM

THIRTEENTH JUDICIAL CIRCUIT
HILLSBOROUGH COUNTY, FLORIDA
SMALL CLAIMS

**GREGORY REED,**

    Plaintiff,                                                       CASE NO.

vs.                                                                 JURY TRIAL DEMANDED

**DIVERSIFIED CONSULTANTS, INC.,**

    Defendant.

_____/

## STATEMENT OF CLAIM

Plaintiff, Gregory Reed ("Plaintiff"), files this lawsuit against Defendant, Diversified Consultants, Inc. ("Defendant"), and alleges the following.

1. This is an action for damages that are between $1,000 and $2,500, exclusive of attorneys' fees and costs.

2. This action arises out of Defendant's multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA").

3. Jurisdiction and venue are conferred by 15 U.S.C. § 1692i and Fla. Stat. § 559.77.

4. At all times material, Plaintiff was a resident of Hillsborough County, Florida.

5. At all times material, the conduct of Defendant complained of below occurred in in Hillsborough County, Florida.

5. At all times material, Defendant engaged in its usual and customary business, including its dealings with Plaintiff, within Hillsborough County, Florida.

-1-

EXHIBIT A

## PARTIES

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2).

8. Defendant is a collection company that does business in Hillsborough County, Florida, including its dealings with Plaintiff, has a registered agent in Florida, is a "person" subject to regulation under Fla. Stat. § 559.72, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Prior to October 2015, Defendant contacted Plaintiff on numerous occasions in attempts to collect a debt allegedly owed to AT&T Wireless for Plaintiff's cellular telephone. The subject telephone was used by Plaintiff primarily for personal, family, and/or household purposes.

10. In or around June 2015, Plaintiff agreed with Defendant to settle his balance for the AT&T alleged debt, in full, for $192.00. Prior to the parties' settlement, Defendant had contended that Plaintiff's full balance was at least $82.80 more than $192.00.

11. On October 12, 2015, Defendant sent Plaintiff a letter memorializing the parties' settlement (hereinafter the "Settlement Letter"). In that letter, Defendant stated:

> **This letter is to confirm the settlement amount of ($192.00) has been satisfied with our office. Per your agreement, established with Diversified Consultants, Inc., the account was satisfied on 06/10/2015. The account is now Satisfied in Full.**

A copy of Defendant's Settlement Letter is attached as **Exhibit A**.

12. However, rather than abide by the parties' settlement, which had fully resolved the subject debt, Defendant attempted to collect the balance of the subject debt from Plaintiff.

13. On June 3, 2016, approximately one year after the parties had settled the subject debt in full, Defendant sent Plaintiff another collection letter for the subject debt, which referenced the

-2-

EXHIBIT A

exact same AT&T original account number, and demanded payment of $82.80. A copy of the June 3, 2016 letter (hereinafter the "Subsequent Letter") is attached as **Exhibit B**.

14. Defendant's attempt to collect the balance of the settled debt through the Subsequent Letter was an attempt to collect an amount that Defendant knew it had no right to collect due to the parties' prior agreement, which resolved the subject debt "in full."

15. Defendant's attempt to collect the settled debt a year after the parties' settled the subject debt in full was misleading, confusing, and deceptive in the eyes of an unsophisticated consumer.

16. Plaintiff contacted Defendant at some point after the Subsequent Letter was sent out, informing Defendant that the subject debt had been settled in full.

17. Instead of ensuring that all collection efforts stopped, Defendant continued to contact Plaintiff for some time, and then referred the balance of the subject debt to another collection agency to ensure that collection efforts continued.

18. As a result of Defendant's improper collection efforts and failure to "satisf[y] in full" the subject debt, as promised in the parties' agreement, Plaintiff has been subject to ongoing collection efforts from various collectors (including Defendant), continued negative credit ratings, anxiety and stress.

## COUNT I
## VIOLATIONS OF THE FDCPA

19. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though stated fully herein.

20. The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1).

EXHIBIT A

21. As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

**COUNT II**
**Violations of FCCPA**
**Deceptive Practices and Acts**

22. Plaintiff incorporates by reference paragraphs 1 through 18 of this Complaint as though stated fully herein.

23. Fla. Stat. 559.72(9) of the FCCPA provides in relevant part:

**In collecting consumer debts, no person shall: ...**

****

**(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.**

24. The acts and practices complained of herein constitute claims or attempts by Defendant to enforce collection of the balance of the subject debt as part of Defendant's collection process when Defendant knew that such collection was not legitimate.

25. Further, the acts and practices complained of herein constitute assertions by Defendant of the right to the balance of the subject debt when Defendant knew that it did not have such a right.

26. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor for:

EXHIBIT A

    i.     The maximum amount of statutory damages pursuant to Section 559.77, Florida Statutes for each class member;

    ii.    Attorneys' fees, litigation expenses and costs pursuant to Section 559.77(2), Florida Statutes; and

    iii.   For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**DATED:** December 19, 2016.

/s/ *Ryan Hasanbasic*
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Disparti Fowkes & Hasanbasic, P.A.
2154 Duck Slough Blvd. Suite 101
Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiff*

EXHIBIT A